CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

NOV 29 2005

JOHN F. CORCORAN, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:05CR00018 |
| v. | REPORT AND RECOMMENDATION |
| CHRISTOPHER HUGHES, | |
| | By: B. WAUGH CRIGLER |
| Defendant. | U.S. MAGISTRATE JUDGE |

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3) and upon the defendant's consent, this case was referred to the undersigned to conduct a plea hearing.

**DEFENDANT'S RESPONSES TO RULE 11 INQUIRY**

The Grand Jury has returned a multiple count Superseding Indictment charging defendant in Count One with knowingly and intentionally distributing a mixture or substance containing a detectable amount of cocaine base, or "crack," a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); in Count Two with knowingly using or carrying a firearm during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, or knowingly possessing such a firearm in furtherance of such drug trafficking crime, all in violation of Title 18, United States Code, Section 924(c)(1); in Count Three with knowingly possessing a firearm which had been shipped or transported in interstate commerce, then being an unlawful user of a controlled substance as defined in Title 21, United States Code, Section 802, in violation of Title 18, United States Code, Section 922(g)(3); in Count Four with knowingly possessing a quantity of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 844; and in Count Five with knowingly and intentionally possessing with intent

to distribute a mixture or substance containing a detectable amount of cocaine base, or "crack," a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

On November 17, 2005, a plea hearing was conducted before the undersigned, and the defendant entered a plea of guilty to Counts Two and Five of the Superseding Indictment. The government has agreed to dismiss the remaining counts of the Superseding Indictment upon acceptance of the defendant's plea to Counts Two and Five.

At this hearing the defendant was placed under oath and testified that his full legal name is Christopher Hughes, that he was born on January 17, 1979 and that he completed the tenth or eleventh grade. The defendant stated that he can read, write, and understand the English language. The defendant stated that he was fully aware of the nature of the charges against him and the consequence of pleading guilty to those charges. The defendant further testified that he was not under the influence of alcohol, medicine, or any drug. Defendant stated that he had no other physical or mental condition which impaired his ability to understand the nature of the proceedings being held. Defendant's counsel stated that he had no reservations as to the defendant's competency to enter a plea of guilty to the offenses.

The defendant testified that he had received a copy of the Superseding Indictment pending against him and that he had fully discussed the charges therein, and his case in general, with his counsel. The defendant stated that he was pleading guilty of his own free will because he was, in fact, guilty of the offenses charged. The defendant also stated that no one had made any promises, assurances or threats to him in an effort to induce his plea. The defendant testified that he understood that the offenses with which he is charged in Counts Two and Five are felonies and that, if his plea is accepted, he will be adjudged guilty of those offenses. Moreover, the defendant

2

testified that he understood that he will be required to pay a mandatory assessment of $100 per felony count and that, at the discretion of the court, he may also be denied federal benefits, as that term is defined in 21 U.S.C. § 862(a), for a period of years or indefinitely, as set forth in the plea agreement. The defendant specifically testified that he understood that under the terms of the agreement he was waiving any right to appeal or to collaterally attack his conviction or sentence and that he was waiving his right to have a jury determine beyond a reasonable doubt the facts alleged in Counts Two and Five, including any facts related to sentencing. The defendant acknowledged that he consented to the administrative forfeiture, official use and/or destruction of any illegal firearms or contraband seized by any law enforcement agency from his possession or from his direct or indirect control. The defendant further acknowledged that he consented to forfeit any right, title and interest he has in assets purchased with proceeds of his illegal activity, directly or indirectly and that such a forfeiture of property is proportionate to the degree and nature of the offenses he committed and does not raise any of the concerns addressed in *United States v. Austin*, 113 S.Ct. 2801 (1993). The defendant stated that he understood that he must submit to the government a complete and truthful financial statement revealing all his assets and liabilities on a form provided by the government within 30 days of the date of the plea agreement. The defendant stated that he was waiving his right to raise the defense of the statute of limitations if for any reason the plea agreement is withdrawn or otherwise not consummated. The defendant also testified that he was waiving all rights under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of his case.

  The defendant was informed that the maximum possible penalty provided by law for the

offense with which he is charged in Count Two is life imprisonment without the possibility of parole and a fine of $250,000. The defendant was further informed that the mandatory penalty in Count Two is five years imprisonment, to be served consecutively and followed by a term of supervised release. The defendant was informed that the maximum possible penalty provided by law for the offense with which he is charged in Count Five is twenty years imprisonment, to be followed by a period of supervised release, and a fine of $1,000,000. The defendant was informed that under the Sentencing Reform Act of 1984, the United States Sentencing Commission has issued guidelines for judges to follow in determining the sentence in a criminal case. The defendant was then informed that, in light of the United States Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005), the sentencing guidelines are no longer mandatory but that the sentencing judge may apply them in an advisory fashion in determining a reasonable sentence. The defendant testified that he and his counsel had discussed how the sentencing guidelines might apply in his case. The defendant also testified that he understood that the court would not be able to determine the applicable guideline range, for advisory purposes, until after a presentence report has been prepared and both parties have been given an opportunity to challenge the reported facts and application of the guidelines. He stated that he understood that the eventual sentence imposed may be different from any estimate his attorney had given him and that the court has the authority to impose a sentence that is either higher or lower than that called for by the guidelines, so long as the sentence is not greater than the statutory maximum for the offenses to which the defendant is pleading guilty. The defendant stated that he knew that parole had been abolished and that if he is sentenced to prison he will not be released on parole but on supervised release, a violation of which could result in additional incarceration.

4

The defendant stated that he understood that, contingent upon his acceptance of responsibility and continued cooperation in the sentencing process, and fulfillment of his duties under the plea agreement, the government will recommend a two-level (2) reduction under USSG § 3E1.1(a) for acceptance of responsibility, and because he meets the listed criteria, he should also be granted an additional one-level (1) reduction under USSG § 3E1.1(b). The defendant stated that he understood that the government is under no obligation to file a motion for substantial assistance, but that to the extent the government does exercise such discretion in this regard, he must provide such assistance in a manner set forth in the plea agreement. The defendant stated that he understood that a determination as to whether he had provided "substantial assistance" was a matter within the discretion of the United States Attorney's Office.

The defendant testified that he understood that he had the right to a trial by a jury, in addition to the following rights, which will be waived or given up if his guilty plea is accepted:

1. The right to plead not guilty to any offense charged against him;
2. The right at trial to be presumed innocent and to force the government to prove his guilt beyond a reasonable doubt;
3. The right of assistance of counsel at trial and in any subsequent appeal;
4. The right to see, hear and cross-examine witnesses;
5. The right to call witnesses to testify in his own behalf and to the issuance of subpoenas or compulsory process to compel the attendance of witnesses;
6. The right to decline to testify unless he voluntarily elects to do so in his own defense;
7. The right to a unanimous guilty verdict; and
8. The right to appeal a guilty verdict.

The defendant also testified that he understood that if he is adjudged guilty of these charges, he may be deprived of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess a firearm.

5

The defendant stated that he was fully satisfied with the advice and representation given to him in this case by his counsel. The defendant also stated that he believed his counsel's representation had been effective. The defendant testified that he understood the possible consequences of his plea. The defendant asked the court to accept his plea of guilty to Counts Two and Five of the Superseding Indictment.

**THE GOVERNMENT'S EVIDENCE**

The defendant waived his right to have the government's Factual Summary read in open court and had no objection to the Summary. The Factual Summary having been filed in open court, the evidence presented therein regarding the offenses charged is as follows:

Investigators with the Jefferson Area Drug Enforcement Task Force (JADE) set up a "controlled buy" of cocaine base ("crack cocaine") from the defendant. During the controlled buy, which occurred on October 20, 2004, in Charlottesville, Virginia, a confidential informant gave the defendant $150 in exchange for crack cocaine. Although the arrangement was for a purchase of an "8-ball" or one-eighth ounce of crack cocaine, the defendant gave the informant approximately .61 grams of cocaine base during the exchange. During the transaction the defendant stayed in the vehicle in which he had arrived to meet the informant. Investigators were able to videotape the defendant subsequently getting out of his vehicle at a gas station (for identification purposes).

The defendant was arrested on February 8, 2005, and was interviewed. He made videotaped statements during which he admitted, among other things, to being a daily user of marijuana, selling cocaine (according to him, not more than an 8-ball per week for the past couple of years), and having a gun and marijuana in a particular compartment in the vehicle he had been driving at the time of his arrest. He further stated that he had the gun for protection because he had been robbed in the past. The

6

defendant indicated that he bought the gun several years prior, and he agreed that selling drugs was very dangerous.

Investigators recovered a loaded North American Arms model NAA-22LR caliber 22 Long Rifle single-action revolver, serial number V72098 and 3.4 grams of marijuana where the defendant had indicated they would be. The firearm was functional and had been manufactured outside the Commonwealth of Virginia.

Defendant was arrested in Charlottesville, on the original federal indictment on April 22, 2005. At the time of his arrest, he had been driving the same vehicle that he had been driving on February 8, 2005, and October 20, 2004. A bag containing 4.718 grams of cocaine base was recovered from the same compartment where investigators had recovered the gun and marijuana on February 8.

## FINDINGS OF FACT

Based on the evidence presented at the plea hearing, the undersigned now submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering an informed plea;

2. The defendant is aware of the nature of the charges and the consequences of his plea;

3. The defendant knowingly and voluntarily entered a plea of guilty to Counts Two and Five of the Superseding Indictment; and

4. The evidence presents an independent basis in fact containing each of the essential elements of the offenses to which the defendant is pleading guilty.

7

## RECOMMENDED DISPOSITION

Based upon the above findings of fact, the undersigned RECOMMENDS that the court accept the defendant's plea of guilty to Counts Two and Five and adjudge him guilty of those offenses. The undersigned further DIRECTS that a presentence report be prepared. A sentencing hearing hereby is scheduled for February 2, 2006 at 9:45 a.m. before District Judge Norman K. Moon.

## NOTICE TO PARTIES

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C): Within ten days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. The presiding District Judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The presiding District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The judge may also receive further evidence or recommit the matter to the undersigned with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 10 days could waive appellate review. At the conclusion of the 10-day period, the Clerk is directed to transmit the record in this matter to the presiding United States District Judge.

The Clerk is hereby directed to send certified copies of this Report and Recommendation to all counsel of record.

ENTERED: /s/
United States Magistrate Judge

11/29/05
Date